Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

CAUSE NO. CL-25-3152-I

| | | |
|---|---|---|
| **MARIA MENDOZA CISNEROS** *Plaintiff,* | § § § | **IN THE COUNTY COURT** |
| **vs.** | § | **AT LAW NO. _____** |
| | § | |
| **CHOICE HOTELS INTERNATIONAL, INC. d/b/a WOODSPRING SUITES PHARR** *Defendant.* | § § § § | **HIDALGO COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, MARIA MENDOZA CISNEROS, and files this petition, complaining of CHOICE HOTELS INTERNATIONAL, INC. d/b/a WOODSPRING SUITES PHARR, and for cause of action respectfully shows:

**I.**

**DISCOVERY CONTROL PLAN**

1. Pursuant to Texas Rules of Civil Procedure Rule 190.1, Plaintiff intends to conduct discovery in this case under Level 3.

**II.**

**JURISDICTION**

2. The venue is proper in HIDALGO County, Texas pursuant to Section 15.002, TEX. CIV. PRAC. & REM. CODE, in that Plaintiff's cause of action occurred in HIDALGO County, Texas.

**III.**

**PARTIES AND SERVICE**

3. Plaintiff is an individual residing in HIDALGO County, Texas.

Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez



4. Defendant, CHOICE HOTELS INTERNATIONAL, INC. d/b/a WOODSPRING SUITES PHARR, is a corporation under the laws of the State of Texas and may be served with process by serving its registered agent United States Corporation Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701. **Citation requested.**

## IV.
## FACTUAL BACKGROUND

5. On or about August 4, 2023, Plaintiff, Maria Mendoza Cisneros, and her minor son, Daniel Rios, had been residing at the WoodSpring Suites located at 1207 W Expressway 83, Pharr, Texas 78577, under an extended-stay arrangement. At the time of the incident, Plaintiff had been living on the third floor of the premises with her son for approximately thirty (30) consecutive days.
6. On the date in question, a complete power outage occurred throughout the entire hotel, cutting off all electricity to the building. As a result, guests—including Plaintiff and her son—evacuated the premises and waited outside in the Texas summer heat for several hours. During that time, hotel management failed to restore power or provide emergency alternatives such as flashlights, battery-powered lighting, glow sticks, staff assistance, or any verbal or written advisories regarding guest safety.
7. After an extended period with no communication or response from hotel staff, many guests, including Plaintiff and her son, returned inside to rest. Upon attempting to ascend the hotel's interior stairwell, Plaintiff encountered complete darkness, as the stairwell lacked emergency lighting, visible markers, signage, or staff personnel. On the second step, Plaintiff tripped and fell, suffering serious bodily injuries due to the total lack of visibility.

Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

**CL-25-3152-I**

8. Emergency medical services were called, and Plaintiff was transported by ambulance to a local hospital for treatment. Later that evening, upon returning to the premises, Plaintiff observed that glow sticks had been placed on the stairwell, indicating that the hotel had become aware of the hazardous condition and took delayed corrective measures—only after Plaintiff had already been injured.

9. Defendant, by and through its agents and employees, failed to implement any emergency protocol or warning system, despite having actual or constructive knowledge of the foreseeable danger posed by the lack of lighting in stairwells during a prolonged outage. The failure to provide illumination or restrict access to unsafe areas directly and proximately caused Plaintiff's injuries.

10. At all relevant times, Plaintiff was a lawful invitee, and Defendant owed her a duty to exercise ordinary care to make the premises safe and/or adequately warn of any dangerous conditions. Defendant's failure to meet this duty constitutes negligence and gross negligence under Texas law.

## V.
## CAUSES OF ACTION

11. On the occasion in question, Defendant **CHOICE HOTELS INTERNATIONAL, INC. d/b/a WOODSPRING SUITES PHARR**, by and through its agents, servants, and employees, all acting within the course and scope of their employment, owed Plaintiff a duty as an invitee to exercise ordinary care to make the premises safe and/or warn of any unreasonably dangerous conditions of which it had actual or constructive knowledge. Defendant breached that duty and was negligent in the following non-exclusive respects:

(a) Failing to maintain the premises, including stairwells and common areas, in a reasonably safe condition for guests—particularly during known emergency

Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez



conditions such as a prolonged power outage;

(b) Failing to provide adequate emergency lighting, temporary illumination (e.g., glow sticks, flashlights, signage), or restrict access to areas made dangerous by the outage;

(c) Failing to take reasonable steps to warn or advise guests of the known hazardous condition created by the total loss of power, particularly in the stairwell where Plaintiff was injured;

(d) Failing to implement or follow any emergency safety protocol or guest safety plan, despite having actual or constructive knowledge of the outage and its potential to cause injury to guests attempting to navigate darkened stairways;

(e) Failing to provide timely remedial measures to correct the dangerous condition until after Plaintiff was already injured, as evidenced by the post-incident placement of glow sticks on the stairs.

12. Plaintiff further asserts that no act or omission on her part contributed in any way to the incident. At all relevant times, Plaintiff exercised reasonable care for her own safety and relied on Defendant to maintain the premises in a safe condition. The occurrence would not have happened but for Defendant's negligence.

13. In addition, Defendant's conduct constitutes negligence per se. Defendant violated applicable building codes and fire safety regulations, including but not limited to International Building Code (IBC) § 1008.3.5 and National Fire Protection Association (NFPA) Life Safety Code (NFPA 101) § 7.9, both of which are widely adopted in Texas jurisdictions and require:

(a) That stairwells and means of egress be equipped with emergency lighting systems capable of automatically activating during power failures;

Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez



(b) That such lighting be sufficient to illuminate all egress components, including stairways, for at least 90 minutes following a power outage.

14. Defendant's failure to ensure that stairwells were equipped with any form of emergency illumination during the outage—despite a statutory and regulatory obligation to do so—was a direct violation of these safety laws enacted to prevent exactly the type of harm Plaintiff suffered.

15. As a result, Plaintiff is entitled to recover under the theory of negligence per se, and such violation further supports a finding of gross negligence.

## VI.
## DAMAGES

16. As a direct and proximate result of the Defendant's acts and omissions described above, Plaintiff Maria Mendoza Cisneros sustained serious physical injuries, endured substantial pain and suffering, and incurred significant medical expenses. Plaintiff continues to suffer from the effects of those injuries and may require additional medical care in the future.

17. Plaintiff respectfully requests that the Court and jury determine the amount of damages to which she is entitled, including both economic and non-economic losses. The elements of damages Plaintiff seeks—each of which the jury should consider separately and individually—include:

(a) Past physical pain and suffering sustained from the date of injury to the time of trial;

(b) Future physical pain and suffering reasonably anticipated to be sustained beyond the time of trial;

(c) Past mental anguish, including emotional distress and loss of peace of mind;

Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez



(d) Future mental anguish, likely to be suffered as a result of the ongoing effects of the injuries;

(e) Past medical expenses necessarily incurred for treatment of Plaintiff's injuries;

(f) Future medical expenses reasonably expected to be incurred;

(g) Physical impairment in the past and future, including limitations on Plaintiff's ability to perform daily activities;

(h) Disfigurement, if any, including scarring or visible injury, past and future;

(i) Loss of earning capacity, if applicable, based on limitations caused by the injury.

18. Plaintiff further seeks recovery of exemplary damages based on Defendant's gross negligence, as pled above, pursuant to Tex. Civ. Prac. & Rem. Code § 41.003.

19. Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000, as required by Texas Rule of Civil Procedure 47(c), and reserves the right to amend this amount as discovery progresses and the nature and extent of her damages become more fully known.

## VIII.
## EXEMPLARY DAMAGES

20. Plaintiff would further show that, in addition to the ordinary negligence alleged above, Defendant's conduct constitutes gross negligence as that term is defined in Tex. Civ. Prac. & Rem. Code § 41.001(11).

21. Specifically, Defendant's acts and omissions—failing to provide any form of emergency lighting, guidance, or warning during a prolonged power outage, knowing guests would likely return to their rooms via dark stairwells, and only taking remedial action after Plaintiff was seriously injured—demonstrate an entire want of care that collectively constitutes conscious indifference to the rights, safety, and welfare of the Plaintiff and

Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez



other invitees.

22. Such gross negligence was a proximate cause of Plaintiff's injuries and damages.

23. Pursuant to Tex. Civ. Prac. & Rem. Code § 41.003(a), Plaintiff seeks to recover exemplary damages from Defendant and will prove by clear and convincing evidence that the harm resulted from Defendant's gross negligence.

**VII.**

**JURY DEMAND**

24. Plaintiff demands a trial by jury and has tendered the appropriate jury fee with this petition.

**VIII.**

**CONDITIONS PRECEDENT**

25. The Defendant's actions and/or omissions entitle Plaintiff to the award of exemplary damages as prescribed by the Texas Civil Practice and Remedies Code.

26. Plaintiff would respectfully show that all proofs of loss and other conditions precedent necessary to the maintenance of this suit against the Defendant has been met and fulfilled by Plaintiff.

27. Because of all the above and foregoing, Plaintiff has been damaged and will be damaged in an amount in excess of the minimum jurisdictional limits of the court.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MARIA MENDOZA CISNEROS prays that judgment be rendered against Defendant, CHOICE HOTELS INTERNATIONAL, INC. d/b/a WOODSPRING SUITES PHARR in a sum in excess of the minimum jurisdictional limits of this Court, costs of court, pre-judgment and post-judgment interests and for all other relief at law or in equity, to which she may show himself lawfully and justly entitled.

Electronically Submitted
7/15/2025 2:47 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez



Respectfully submitted,

**LAW OFFICE OF BOBBY GARCIA, P.C.**
P.O. Box 5729
McAllen, Texas 78502
Telephone: (956)668-7400
Facsimile: (956)668-7500
E-Service email: litigation@bobbygarcia.com

**BOBBY GARCIA**
Texas State Bar No. 07645210
New York SBN: 5387485
Federal Bar No.: 14531
**Of Counsel:**
ARTURO "AJ" GARCIA
Texas State Bar No. 24102964
Federal Bar No.: 3622745
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tamara Rodriguez on behalf of Roberto Rene Garcia
Bar No. 7645210
trodriguez@bobbygarcia.com
Envelope ID: 103159561
Filing Code Description: Petition
Filing Description: Plaintiffs Original Petition
Status as of 7/15/2025 3:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bobby Garcia | | litigation@bobbygarcia.com | 7/15/2025 2:47:51 PM | NOT SENT |